PEDRO BARBOSA, Appellant, v. REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 800. Submitted February 19, 1930.—Decided February 24, 1930.

A. Ramírez Silva, for appellant. The registrar appeared by brief

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the 4th of January last, Pedro Barbosa and his wife Ana María Rodríguez, of the one part, and Arturo Hau, of the other part, appeared before a notary and executed what purported to be a deed of sale, with reservation of the right to repurchase (*pacto de retro*), whereby the parties first named conveyed to the latter several farm properties for the price of $728, subject to the stipulation that if the vendors paid back to the purchaser the said price within the period of four months, then the purchaser would reconvey to the vendors the said properties. The deed contains a clause, wherein the parties stipulated that the ''contract shall have the same effect as a mortgage . . . . and that the vendors bind themselves to constitute a mortgage on the said properties for the amount of seven hundred dollars, as soon as such properties are recorded in the registry, to become due on January 4, 1932, with interest at the rate of one per cent monthly, with such stipulations and conditions as may be imposed by the mortgagee. . . .''

On presentation of the above deed for record in the registry, the registrar refused to record it on the ground that the properties sold did not appear recorded in the name of the vendor; and he further stated that the record sought was also refused for the reason that the sale of the properties to which the instrument refers ''constitutes a loan contract secured by mortgage which is null and void, as it violates Act No. 47, relating to usury, approved April 13, 1916.''

Barbosa objected to the second ground of the decision above stated, and he filed this administrative appeal.

If the properties referred to in the contract were not already recorded, the registrar ought not to have proceeded any further, since, under the circumstances, no recording action could be taken by him.

This being so, that portion of the decision as to which an appeal has been taken must be reversed as an unnecessary

ruling on the part of the registrar; and his refusal to record will be allowed to stand on the first ground above stated.

Should the properties be recorded hereafter in the name of the intending vendors under the said contract, the deed can be presented again for record; and it will then be the proper time for deciding whether or not this instrument is recordable, either as a sale or as a mortgage, in accordance with the facts and the law.

The decision of the registrar will be reversed as to that portion thereof which has been appealed from.